IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL RIVERA SANTIAGO

    Petitioner,

    v.                              CIVIL NO. 97-1557 (RLA)
                                Crim. No. 91-397 (RLA)
UNITED STATES OF AMERICA,

    Respondent.

## **MINUTES AND ORDER OF STATUS CONFERENCE**
## **HELD ON AUGUST 27, 2004**

At the Status Conference held on August 27, 2004, petitioner was represented by RAFAEL ANGLADA LOPEZ, ESQ. The UNITED STATES OF AMERICA was represented by AUSA EDWIN O. VAZQUEZ.

The Court discussed with counsel the scope of the remand from the First Circuit Court of Appeals in this action. See <u>Miguel Rivera-Santiago v. United States</u>, No. 02-2458, slip op. (1st Cir. June 25, 2004) (*per curiam*).

It is the Government's position that the undersigned's decision dismissing the § 2255 petition (docket No. 40) has been affirmed by the appeals court as to all issues except petitioner's claim regarding the potential conflict of interest based on the shared fee arrangement/joint defense agreement.

The Court agreed, and further indicated that as to this particular issue, the remand directs the Court to focus on two prongs: (1) was petitioner informed of a purported plea agreement offer by the government; and (2) was petitioner impeded from testifying on his own behalf despite his insistence on doing so. Depending on the results of such evidentiary findings, the Court must

**CIVIL NO. 97-1557 (RLA)**                                                        **Page 2**
_____

then determine if petitioner was prejudiced by his attorney's actions or failure to act.

Counsel for petitioner added that it appears that the Court failed to conduct a Foster Hearing on the date that an alleged conflict of interest among the attorneys was first brought to the Court's attention, the day that Mr. RIVERA SANTIAGO's criminal trial commenced in August of 1992. This issue is disputed by the Government.

### Evidentiary Hearing

Both parties agree that an evidentiary hearing will be necessary for the Court to make the findings called for by the remand. Counsel for petitioner requested an additional ninety days (90) to review the voluminous record carefully and prepare a motion outlining petitioner's issues for the hearing, to be held in the near future.

Counsel's request is **GRANTED**. Accordingly, **on or before September 1, 2004,** attorney ANGLADA shall file a motion justifying his request for an extension of time to review and examine the record, accompanying documents and related pertinent testimony.

Petitioner's motion setting forth a list of issues to be examined by the Court at the evidentiary hearing shall be filed **on or before October 12, 2004.** The UNITED STATES' response shall be filed **on or before November 15, 2004.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 1st day of September, 2004.


                                           S/Raymond L. Acosta
                                           RAYMOND L. ACOSTA
                                        United States District Judge