IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL RIVERA-SANTIAGO
    Petitioner

v.

UNITED STATES OF AMERICA
    Respondent

CIVIL NO. 97-1557 (RLA)

### UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES TO BE EXAMINED AT THE EVIDENTIARY HEARING.

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states and prays as follows:

This Court has granted several extensions of time requested by petitioner Rivera-Santiago and as of today he has flagrantly failed to comply with this Court's orders.  As this Court stated on its order dated January 21, 2005, no further extensions shall be granted.  Petitioner was ordered to submit a motion outlining the issues that he considers must be examined at the evidentiary hearing to be conducted pursuant to the remand issued by the Court of Appeals for the First Circuit.  See Rivera-Santiago v. United States, 102 Fed.Appx. 177, 2004 WL 1416626, (1st Cir.(Puerto Rico)).  Upon petitioner's submission the United States was required to file a response in favor or in opposition to the issues outlined by petitioner.  In an attempt to assist this Court on this matter and in order to avoid any further continuance of the hearing, the United States hereby submits its position as to the only issues that must be examined pursuant to the remand.

This case was remanded for the district court to consider the petitioner's conflict of interest claim regarding defense attorneys' fee arrangement since, in accordance with the Court of Appeals, it appeared possible that there may have been a conflict of interest and that the petitioner could show

UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES
TO BE EXAMINED AT THE EVIDENTIARY HEARING
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 2

that it affected counsel's performance. 28 U.S.C.A. § 2255. The Court of Appeals advised that this Court is not obliged to grant further motions to amend--a habit that the Court of Appeals found that Rivera-Santiago was beginning to abuse.

Therefore, this case was remanded to allow petitioner Rivera-Santiago to establish if there was a conflict of interest regarding defense attorneys' fee arrangement. If it existed, then petitioner must establish that such conflict adversely affected counsel's performance. The adverse effects must be limited to the claims presented and preserved on the section 2255 petition filed by petitioner. In accordance with the Court of Appeals the following two claims of the three claims presented are the only colorable for further review by this Court: a) that due to the conflict his own counsel failed to relay to him a government plea offer and b) that he was prevented from testifying because of the conflict although he wished to do so. The third claim raised on appeal, severance, was rejected. The Court of Appeals found that severances are very rarely granted. So even assuming that Rivera would have been better off in a severed trial, this may not have been a plausible strategy.

### A. Legal Standard in Conflict of Interest Claim

The gist of the conflict claim derives from Rivera's assertion that allegedly his own lawyer and several other defense counsel were paid their fees by counsel for one of the other co-defendants and that this was done on the express condition that the parties present a unified defense and not testify at trial.

Under governing Supreme Court precedent, prejudice is automatic if a defendant has no counsel at all, see Mickens v. Taylor, 535 U.S. 162, 166 (2002); but where the claim is that counsel labored under the burden of dual allegiance, the defendant who raised no objection at trial must demonstrate that counsel might plausibly have pursued an alternative defense strategy that counsel

Case 3:97-cv-01557-RLA   Document 75   Filed 03/02/2005   Page 3 of 11

UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES
TO BE EXAMINED AT THE EVIDENTIARY HEARING
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 3

forsook because of his conflicting loyalties, see, e.g., Familia-Consoro v. United States, 160 F.3d 761, 179(1st Cir.1998).

In the instant case petitioner Rivera-Santiago raised no conflict of interest objection at trial nor on direct appeal based on the alleged fee arrangement, which does not in itself bar its presentation in a section 2255 motion. See Massaro v. United States, 538 U.S. 500, 509 (2003); United States v. Burgos-Chaparro, 309 F.3d 50, 51 (1st Cir.2002), cert. denied, 537 U.S. 1135 (2003).[1] In Cuyler v. Sullivan, 446 U.S. 335 (1980), the Supreme Court established that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler, 446 U.S. at 348 (footnote omitted). This standard was first developed in the context of counsel's joint representation of criminal defendants, but it has been applied generally to other conflict of interest situations, including alleged conflicts between counsel and his or her client. United States v. Rodriguez, 929 F.2d 747, 749 (1st Cir.1991) (citations omitted).

The First Circuit has held that in order to show an actual conflict of interest, a defendant must show that (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties. Guaraldi v. Cunningham, 819 F.2d 15, 17 (1st Cir.1987). Even assuming that petitioner Rivera-Santiago can prove the existence of a conflict of interest, only by establishing that the alleged conflict of interest adversely affected his counsel's performance can

---

[1] Although in the district court there was some inquiry into whether Rivera's counsel should withdraw because he shared office space with a co-defendant's attorney. The district court found that the office arrangement posed no conflict of interest. More important, the Court of Appeals regarded the issue as outside the scope of the certificate of appealability, or, alternatively, as waived for failure to raise in Rivera's opening brief.

Case 3:97-cv-01557-RLA   Document 75   Filed 03/02/2005   Page 4 of 11

**UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES
TO BE EXAMINED AT THE EVIDENTIARY HEARING**
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 4

him prevail in his attempt to set aside the result of this proceeding. See United States v. Newton, 326 F.3d 253, 263-65 (1st Cir.2003) (stating that in Mickens, "the Supreme Court expressly rejected a rule of automatic reversal in cases where a defense attorney's conflict of interest does not adversely affect counsel's performance").

The standard is that the defendant "might plausibly have pursued an alternative defense strategy, and that the alternative strategy was in conflict with, or may not have been pursued because of, [the attorney's] other loyalties or interests." United States v. Ramirez-Benitez, 292 F.3d 22, 30 (1st Cir.2002); see also Reyes-Vejerano v. United States, 276 F.3d 94, 97 (1st Cir.2002) (applying same test); Brien, 695 F.2d at 15 (adopting same test).

In this case, however, there is nothing more than speculation of possible conflict, which would not pass muster after Mickens or before it. See United States v. Burgos-Chaparro, 309 F.3d 50, 52-53 (1st Cir.2002) (finding "speculation" an inadequate threshold showing by defendant claiming conflicts after Mickens ); United States v. Michaud, 925 F.2d 37, 41 (1st Cir.1991) (rejecting, in pre-Mickens case, conflict of interest claim that was "insufficiently specific" in describing nature of conflict). In order to find an effect from an alleged attorney conflict, "some adverse action or inaction is required that can be traced to the conflict in loyalty. Merely to speculate that the divided loyalty could have caused such a step is not enough." Burgos-Chaparro, 309 F.3d at 53. United States v. Nelson-Rodriguez, 319 F.3d 12, 41 (1st Cir. 2003)

In the instant case petitioner Rivera-Santiago has not established that he was not part of the defense attorneys' fee arrangement. In fact, the nature of the agreement entered by defendants as described by petitioner Rivera-Santiago was in the nature of a joint defense agreement. When co-defendants enter into a joint defense agreement, each defendant retains his own attorney.

Case 3:97-cv-01557-RLA    Document 75    Filed 03/02/2005    Page 5 of 11

**UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES
TO BE EXAMINED AT THE EVIDENTIARY HEARING**
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 5

Thus, a duty of loyalty, however, does not exist in this situation and it is therefore improper to conclude that all of the attorneys in the joint defense strategy session represent all of the participating defendants. United States v. Almeida, 341 F.3d 1318, 1323 (11th Cir. 2003). Therefore, there is no divided loyalty nor conflict of interest under this scenario. He should not be allowed however to complaint of the consequences, if any, which resulted from a agreement that he voluntarily entered.

No unconstitutional conflict of interest existed in this case. Petitioner Rivera-Santiago's claim would still fail because there is insufficient evidence that counsel Monserrate's advices were tainted by his relationship with Rivera-Santiago's co-defendants. A defendant must show that his counsel "actively represented conflicting interests." Cuyler, 446 U.S. at 350. See also Carey v. United States, 50 F.3d 1097, 1100 (1st Cir.1995) ("the defendant must demonstrate that the alleged conflict is more than 'some att, enuated hypothesis having little consequence to the adequacy of representation' ") (citing Brien v. United States, 695 F.2d 10, 15 (1st Cir.1982)); United States v. Soldevila-Lopez, 17 F.3d 486, 487 (1st Cir. 1994) ("theoretical or merely speculative conflict of interest" does not constitute Sixth Amendment violation). In Carey, for instance, counsel simultaneously represented co-defendants and advised one not to divulge any information regarding the other when cooperating with the government. Carey, 50 F.3d at 1099-1100. The cooperating defendant alleged that this advice precluded him from obtaining a sentence reduction. Id. at 1101. The court held that the link between counsel's advice and counsel's interest in protecting his other client was too speculative to establish an actual conflict of interest. Id. at 1100.

Here, petitioner Rivera-Santiago argues that an actual conflict of interest can be inferred just from counsels' fee arrangement. The facts alleged by Rivera-Santiago, however, are even less suspect than those alleged in Carey. Rivera-Santiago had his own attorney, whereas the defendant

Case 3:97-cv-01557-RLA   Document 75   Filed 03/02/2005   Page 6 of 11

UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES
TO BE EXAMINED AT THE EVIDENTIARY HEARING
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 6

in Carey shared counsel with a co-defendant. See United States v. DiCarlo, 575 F.2d 952, 957 (1st Cir. 1978)(individual representation less risky than multiple representation). Moreover, Rivera-Santiago offers no additional facts to show that Monserrate had conflicting interests.

Further, this Court observed firsthand the dynamics of the trial in the instant case, and can explicitly find that no conflict existed, since Mr. Monserrate did not permit to be directed by any other person in his professional judgment with respect to the strategic dimensions of this case. Therefore, this Court should find that Rivera-Santiago has failed to show that his representation was tainted by an actual conflict of interest.

For all of these reasons, this Court should conclude that Rivera-Santiago has not met his burden of demonstrating that his attorney, Monserrate, labored under an unconstitutional conflict of interest.

Further, petitioner Rivera-Santiago has limited his claim of conflict of interest due to defense attorney's fee arrangement as to counsel Joaquín Monserrate and has disregarded the fact that he was also represented by counsel Luis Rivera. No allegation of conflict of interest has been raised that would have adversely affected counsel Rivera's performance. Therefore, since petitioner Rivera-Santiago was represented by at least one free conflict of interest counsel, no further consideration of this issue is required.

As stated before, even if a conflict of interest is established, only by establishing that the alleged conflict of interest adversely affected his counsel's performance can petitioner Rivera-Santiago prevail in his attempt to set aside the result of this proceeding. However, this inquiry is limited to the failure to disclose an alleged plea offer and preventing him to testify even when he allegedly wished to do so.

Case 3:97-cv-01557-RLA   Document 75   Filed 03/02/2005   Page 7 of 11
UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES
TO BE EXAMINED AT THE EVIDENTIARY HEARING
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 7

### 1. Plea Offer Issue

Petitioner Rivera-Santiago claimed that the government offered him a plea agreement for ten years prior to trial in Criminal No. 91-397 (RLA) and that counsel Monserrate failed to inform him such plea offer. It has been the policy of this office that plea agreements must be in writing and it only binds the office if signed by the Chief of the Criminal Division. A review of the criminal case file shows that no plea agreement was offered to petitioner Rivera-Santiago on Criminal No. 91-397(RLA), and the undersigned cannot recall ever making an offer to petitioner Rivera-Santiago, less on offering ten years to one of the most culpable defendants who was exposed to a LIFE sentence. The denial by the government of the existence of any plea offer should end this inquiry.

Moreover, petitioner Rivera-Santiago's new allegation that if the plea offer would have been disclosed he would have accepted said plea offer is belied by his own words and statements. During the presentence investigation interview with the United States Probation Officer he expressed his innocence. He continuously expressed being innocent and stated that he had nothing to do with the conspiracy or any other crime. That he was found guilty due to the judge's negligence and failure to adequately instruct the jury. Thereafter, he submitted his version of the facts, wherein he reiterates his innocence and does not accept responsibility for his involvement in the offenses. Also, this Court is aware that Rivera-Santiago even attempted to have codefendant Victor Chalas provide false testimony on his behalf at the sentencing hearing. For this conduct Rivera-Santiago received an enhancement for obstruction of justice.

However, now and almost five(5) years after trial, Rivera-Santiago very conveniently and in an attempt to support an otherwise meritless claim, is changing his original position on this matter. The fact that he waited almost five years before complaining about his unfulfilled wishes "draws into

Case 3:97-cv-01557-RLA   Document 75   Filed 03/02/2005   Page 8 of 11

**UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES**
**TO BE EXAMINED AT THE EVIDENTIARY HEARING**
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 8

serious question" the validity of his claims. Ouellette v. United States, 862 F. 2d 371, 375 (1st Cir. 1988). Based on this record this Court should find that Rivera-Santiago simply had no intention of pleading guilty and/or accepting responsibility for the multi-kilograms quantities of cocaine involved in the drug conspiracy. Thus, based on Rivera-Santiago's protestation of innocent before, during and after trial, this court should find that even plea negotiations may not have been a plausible strategy in the instant case.

### 2. Testify at Trial

Rivera-Santiago is also claiming that a plausible alternative defense strategy existed in that he should have testified on his own behalf. Rivera-Santiago did not present this claim on his appeal. On appeal he only alleged that he was deprived of effective assistance of counsel at trial, because of an alleged conflict of interest based on the relationship between his attorney and the attorney who represented Monteagudo. United States v. Ovalle-Marquez, 36 F.3d 212, 221 (1st Cir. 1994. The fact that he waited almost five years before complaining about his alleged unfulfilled wishes "draws into serious question" the validity of his claims. Ouellette, 862 F. 2d at 375.

In the instant case Rivera-Santiago has failed to describe the contents of his testimony. He has only stated that due to counsel's fee arrangement he was not allowed to testify on his behalf. Rivera-Santiago's' argument is flawed because his testifying was not a plausible alternative defense strategy. Had he testified, pending criminal charges in the Western District of New York on remarkably similar drug charges could have been used to impeach his testimony and attack his credibility. If Rivera-Santiago would have testified the government would have presented rebuttal evidence to contradict any part of his testimony related to his non participation or involvement in drug trafficking. Therefore, Rivera-Santiago's testimony would not have been a plausible alternative

Case 3:97-cv-01557-RLA   Document 75   Filed 03/02/2005   Page 9 of 11

UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES
TO BE EXAMINED AT THE EVIDENTIARY HEARING
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 9

defense strategy.

The First Circuit and Eleventh Circuit addressed a similar set of facts in Bucuvalas v. United States, 98 F.3d 652 (1st Cir. 1996) and Danner v. United States, 820 F.2d 1166 (11th Cir.1987). In Danner, counsel's fees were paid through co-defendant's counsel. Id. at 1168-69. Like Bucuvalas, the defendant alleged in Danner, that counsel's advice not to testify conflicted with counsel's interest in receiving his fees because such testimony would have incriminated his co-defendants. Id. The courts held that no conflict of interest existed. Id.

Although the ultimate decision whether to testify rests with the defendant, he is presumed to assent to his attorney's tactical decision not to have him testify." United States v. Joelson, 7 F.3d 174, 177 (9th Cir.1993) (citing United States v. Edwards, 897 F.2d 445, 446-47 (9th Cir. 1990)). If a defendant wants to testify, "he can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer." Id. at 177.

In Lema v. United States, 987 F.2d 48, 52 (1st Cir.1993), this Court examined whether trial counsel persuading a defendant not to testify constitutes a valid waiver of one's testimonial right. Lema, 987 F.2d at 52. It assumed, without deciding, that the right to testify was personal and could not be waived by the conduct of counsel. Id. This Court concluded that the right was not infringed by counsel's advice not to testify so long as undue coercion was not employed. Id. Unaccompanied by coercion, legal advice concerning exercise of the right to testify infringes no right, see United States v. Teague, 953 F.2d 1525, 1534-35 (11th Cir.1992) (en banc). In this case, there is no allegation of coercion.

Moreover, once the government ended the presentation of the evidence at trial, the defendants had an opportunity to their presentation of evidence. Counsel informed the court that the defense

Case 3:97-cv-01557-RLA   Document 75   Filed 03/02/2005   Page 10 of 11

**UNITED STATES' SUBMISSION OUTLINING PRESERVED ISSUES
TO BE EXAMINED AT THE EVIDENTIARY HEARING**
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 10

would not be presenting any evidence. Rivera-Santiago remained silent and did not inform the court that he desired to testify. In fact, appellant never informed the court that he wanted to testify but it was his counsel who prohibited him to testify at trial. It is not until the filing of this 2255 petition, almost five years after trial, that Rivera-Santiago informed for the first time his availability as witness. This fact "draws into serious question" the validity of his claim. Ouellette, 862 F. 2d at 375.

Under the circumstance s of this case this Court should find that Rivera-Santiago's testimony would not have been a plausible alternative defense strategy. Thus, no conflict of interest existed. See Bucuvalas, 98 F.3d 652 and Danner, 820 F.2d 1166.

## CONCLUSION

For the foregoing reasons, and the authorities cited herein, the United States respectfully request that the 2255 petition filed by Rivera-Santiago be denied.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 2nd day of March, 2005.

                                                                 H.S. GARCIA
                                                                 United States Attorney

                                                                 _____
                                                                 s/EDWIN O. VÁZQUEZ-BERRIOS
                                                                 Assistant United States Attorney
                                                                 U.S.D.C. No. 201512
                                                                 United States Attorney's Office
                                                                Torre Chardón, Suite 1201
                                                                350 Carlos Chardón Street
                                                                San Juan, Puerto Rico 00918
                                                                edwin.vazquez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will be electronically notified to counsel Rafael Anglada and is available for viewing and downloading from the Court's CM/ECF system by him.

                                                                  s/EDWIN O. VÁZQUEZ-BERRIOS
                                                                 Assistant United States Attorney