## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**MIGUEL A. RIVERA-SANTIAGO**
**Petitioner-Appellant**

**v.**                                                    **Cv. 97-1557(RLA)**

**UNITED STATES OF AMERICA**
**Respondent**

### INFORMATIVE MOTION AND PRELIMINARY OUTLINING OF ISSUES IN COMPLIANCE OF ORDER

**TO THE HONORABLE COURT**
**HONORABLE RAYMOND L. ACOSTA,**
**SENIOR U.S. DISTRICT JUDGE:**

Comes now the Petitioner-Appellant, Miguel A. Rivera-Santiago, by the undersigned counsel, and very respectfully states, informs, and prays as follows:

1.      On August 19, 2002, this Honorable Court entered an Order Denying 28 U.S.C. 2255 Petition (Dkt. #40, see 219 F. Supp. 2d 186 (DPR 2002).  On June 25, 2004, almost two (2) years later, the U.S. Court of Appeals for the First Circuit rendered an Order, No. 02-2458, 102 Fed. Appendix 177, 2004 WL 1416626 (1st Cir. 2004), where the instant case was remanded as to the first two (2) issues captioned, to wit:

> **(1)    whether the U.S. District Court erred in failing to address the constitutional claim that a conflict of interest arose from the defense attorney's fee arrangement;**

1

**(2)     whether the U.S. District Court erred in failing to address the constitutional claim that due to this conflict of interest, appellant's counsel failed to relay the government's plea offer to him.**

On July 16, 2004, this Honorable Court appointed the undersigned counsel (a solo practitioner with an almost 100% practice limited to the CJA appointments in the U.S. District Court for the District of Puerto Rico and the U.S. Court of Appeals for the First Circuit). The undersigned counsel reviewed the entire Court's file from 07/22/04 to 08/15/04. On August 25, 2004 and August 26, 2004, the undersigned counsel visited Petitioner-Appellant Miguel A. Rivera-Santiago at FCI Allenwood, PA. On October 7, 2004, the Honorable Court ordered the transfer of Petitioner-Appellant Miguel A. Rivera-Santiago to MDC - Guaynabo by 10/22/2004 (Dkt. #64). On October 26, 2004, the undersigned counsel visited the Petitioner-Appellant at MDC - Guaynabo for the first time there. The Petitioner-Appellant was transferred without his legal documents (Dkt. #67). On December 1, 2004, the Honorable Court ordered the Warden, FCI Allenwood, to deliver all of Petitioner-Appellant's legal documents by December 15, 2004, (Dkt. #69). The indispensable legal documents reached the Petitioner-Appellant, at MDC - Guaynabo, by January 11, 2005, (Dkt. #71).

The parties appeared before the Honorable Court for a status conference on August 27, 2004, (Dkt. #63). A calendar was discussed and Ordered, to comply with the 06/25/04 Order by the U.S. Court of Appeals to consider the instant remand as a "matter of urgency," but Petitioner-Appellant's Fifth and Sixth Amendments, U.S. Constitution rights ought to be protected.

The Petitioner-Appellant was transferred by October 21, 2004. His indispensable legal documents arrived to MDC - Guaynabo on January 11, 2005. The undersigned counsel filed motions for extension of time on October 31, 2004, (Dkt. #65); November 29, 2004, (Dkt. #67); January 19, 2005, (Dkt. #71). The Honorable Court granted various requests, see Dkt. #66, #70, #72.

The undersigned counsel once again is behind schedule. Said delay is not to be attributed to the Petitioner-Appellant's "habit." It is the sole responsibility of the undersigned counsel, a solo practitioner with CJA practice in the U.S. District Court for the District of Puerto Rico and the U.S. Court of Appeals for the First Circuit. While it is not the intention of this counsel to wear out or drain the patience of this Honorable Court, the Petitioner-Appellant's Fifth and Sixth Amendment rights have to be protected. The workload that has consumed most of this counsel's time and effort has been the following:

Cr. 03-270-03(JAG) – (Dismissal; 01/29/05)
Cr. 03-081-06(HL) – (Trial 02/14/05; COP 02/10/05)
Cr. 04-195-01(PG) – (Sentencing 02/08/05; three (3) Indictments)
No. 03-1006 (U.S.C.A.)(Petition for Writ, 02/02/05)
No. 04-1258(U.S.C.A.)(Appellant's Brief; 02/23/05)
Cr. 02-377-06(DRD) (S/C 03/01/05; Trial 03/28/05).

The undersigned counsel requests good cause indulgence to this Honorable Court and to the U.S. Court of Appeals for the First Circuit for this conflict of calendar. The undersigned counsel is filing a preliminary, tentative outlining of issues before this Honorable Court and a further continuance of the evidentiary hearing currently scheduled for March 9, 2005 is requested. The undersigned counsel is scheduled to start trial in Cr. 02-377-06(DRD), where the defendant has been in pretrial detention for the past twenty-nine (29) months.

**TENTATIVE, PRELIMINARY STATEMENT OF ISSUES**

The undersigned counsel has not had the opportunity to adequately and thoroughly meet with Petitioner-Appellant Miguel A. Rivera-Santiago after the arrival of the indispensable legal documents on January 11, 2005. The most recent meetings have been held at MDC - Guaynabo on January 13, 2005, January 14, 2005 (immediately after rendition of U.S. v. Booker No. 04-194 (01/12/05), and March 1, 2005. The bulk of this counsel's other cases have been detailed before. Therefore, hereby,

3

is a tentative, preliminary Statement of Issues in the case.

(1)    **Whether the U.S. District Court erred in failing to address the constitutional claim that a conflict of interest arose from the defense attorney's fee arrangement.**

– There are sworn allegations that most defense counsel were paid by Colombian interests, channeled through New York City defense lawyer Francisco Serrano Walker.

– Said defense counsel, Francisco Serrano Walker, as well as the other retained counsel, ought to testify at the time of an Evidentiary Hearing before this Honorable Court, under subpoena and duces tecum with the receipts for legal services rendered and the adequate C.T.R. filings with the Internal Revenue Service and/or Commonwealth Income Tax filings.

– The production in this jurisdiction and the testimony of co-defendant Luis Enrique Ovalle-Márquez is being requested.

– Petitioner-Appellant Miguel A. Rivera-Santiago will take the stand at the time of the evidentiary hearing as well.

– That circumstance created a conflict where defense counsel was laboring under a conflict of interest. The prosecution had the choice of inquiring and prosecuting if a crime had been committed. Courts do not generally become involved in matters anent the choice of counsel or the source of attorney's fees, save in exceptional circumstances such as those triggered by grand jury investigations into non-privileged matters, see Whitehouse v. U.S. District Court for the District of Rhode Island, 53 F.3d 1349 (1st Cir. 1995), a conflict or potential conflict of interest, see Wheat, 468 U.S. at 159-60, a showing of future ongoing crime or fraud relating to the fee agreement, see U.S. v. Reeder, 170 F.3d 1 (1st Cir. 1999). See also U.S. v. González-Méndez, et al., Cr. 04-217(PG); Opinion and Order, entered 01/14/2005.

– The 08/25/1992 withdrawal of counsel Joaquín Monserrate Matienzo hearing before this Honorable Court did not satisfy the rigors of U.S. v. Foster 469 F.2d 1 (1st Cir. 1972), currently codified as Rule 44, F.R.Cr.P., and the mandated inquiry in Cuyler v. Sullivan 446 U.S. 335, 100 S.Ct. 1708 (1980), where the U.S. Supreme Court promulgated a rule requiring trial courts to conduct an inquiry if they "know or reasonably know" that defense counsel is laboring under a conflict of interest," id. at 347.

4

(2)     **Whether the U.S. District Court erred in failing to address the constitutional claim that due to this conflict of interest, appellant's counsel failed to relay the government's plea offer to him.**

–     Defense counsel paid by the funds funneled by New York City defense counsel Francisco Serrano-Walker did not seek or explore plea negotiations with the government. See Government's Motion In Compliance, filed on February 14, 2005 (Dkt. #73). The failure of defense counsel to conduct plea negotiations is ineffective assistance when it would definitely be in the defendant's interest to bargain. Mason v. Balcom 531 F.2d 717 (5th Cir. Ga. 1976), rehearing denied 534 F.2d 1407 (5th Cir. Ga. 1976); Cole v. Slayton 378 F.Supp. 364 (W.D. Va. 1974)(no matter how guilty the client is, counsel should negotiate).

–     There are sworn statements and reports by private investigators for the proposition that the government proposed a plea outcome in the instant case. The matter raised by the government that plea agreements in writing bind only if signed by the Chief of the Criminal Division is not at issue. Plea negotiations is one matter and written plea agreements attested by a Chief of the Criminal Division is another matter. Precisely, was not Assistant U.S. Attorney José A. Quiles Espinosa the Chief of the Criminal Division at that time?

(3)     **There is intervening U.S. Supreme Court jurisprudence of constitutional dimension rendered after the U.S. Court of Appeals Order of June 25, 2004.**

–     Blakely v. Washington, 524 U.S. __, 124 S.Ct. 2531 (2004)(Sixth Amendment, U.S. Constitution, dues apply to the U.S. Sentencing Guidelines) and based in light of this holding, U.S. v. Booker, 525 U.S. __, 125 S.Ct. 738 (01/12/2005), the effect of making the U.S. Sentencing Guidelines mandatory must be invalidated. As to the statute of limitations, see U.S. v. McClinton (2005 WL 318835 (W.D. Wis., 02/08/05); as to retroactivity, see McReynolds v. U.S. __, 2005 WL 237642, 2005 U.S. App. Lexis 1638 (7th Cir. 02/02/05).

(4)     **Pursuant to 18 U.S.C. 3553(a)(1), the post-offense, post-sentencing rehabilitation of Petitioner-Appellant Miguel A. Rivera-Santiago during the past thirteen (13) years of incarceration is exemplary and extraordinary.**

I hereby certify that today I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorney Edwin Vázquez-Berríos, United States Attorney's Office, Torre Chardon, 350 Carlos Chardon St., Suite 1201, Hato Rey, PR 00918.

Respectfully submitted, in San Juan, Puerto Rico, today, March 3, 2005.

FOR COURT-APPOINTED PETITIONER-APPELLANT
MIGUEL A. RIVERA-SANTIAGO

S/ RAFAEL ANGLADA-LOPEZ
RAFAEL ANGLADA-LÓPEZ, ESQ.
U.S.D.C. - P.R. 202508
PO BOX 194886
SAN JUAN, PUERTO RICO 00936
TEL. (787) 250-0917
FAX (787) 765-8679

6