IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL RIVERA-SANTIAGO
   Petitioner

v.

UNITED STATES OF AMERICA
   Respondent

CIVIL NO. 97-1557 (RLA)

## UNITED STATES' RESPONSE TO DEFENDANT'S SUBMISSION OUTLINING ISSUES TO BE EXAMINED AT THE EVIDENTIARY HEARING.

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states and prays as follows:

On March 3, 2005, petitioner filed a pleading titled Informative Motion and Preliminary Outlining of Issues in Compliance of Order, setting forth the issues that he alleged should be examined at the evidentiary hearing. Thereafter, in the afternoon, a Pre-Hearing Conference was held. During said conference the Court ordered petitioner to revise the list of issues submitted on his preliminary statement of issues, including to withdraw any issue not to be examined because it was outside of the scope of the Certificate of Appealability and the First Circuit Court's ruling or voluntarily withdraw by petitioner. On March 8, 2005, this Court entered some minutes of the Pre-Hearing Conference and upon government's arguments found that points (3) and (4) of petitioner's Preliminary Statement of Issues will not be considered as part of the issues to be heard at the evidentiary hearing.

On March 9, 2005, petitioner filed a motion titled Outlining of Issues in Compliance of Order. An examination of said pleading reveals that petitioner realleged the same four (4) issues addressed on his Preliminary Statement of Issues filed on March 3, 2005. Although, the government

**UNITED STATES' RESPONSE TO DEFENDANT'S SUBMISSION OUTLINING
ISSUES TO BE EXAMINED AT THE EVIDENTIARY HEARING.**
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 2

outlined as a potential issue, if petitioner was impeded from testifying on his own behalf despite his insistence on doing so, this issue was not outlined by petitioner on his revised submission. Therefore, this Court should find that this issue will not be considered as part of the issues to be heard at the evidentiary hearing on May 5, 2005, since petitioner has voluntarily withdrawn it from his original 2255 petition.

Once again petitioner is attempting to amend his 2255 petition by raising for the first time that due to the conflict his counsel failed to seek or explore plea negotiations. This new issue is contrary and incompatible with the allegations presented by petitioner in the 2255 petition at the district and appellate courts. Petitioner has limited his plea offer allegation as to his counsel's failure to inform him a government plea offer. This is the only allegation and issue regarding plea offer that was preserved for further examination in accordance with the remand from First Circuit Court of Appeals. This Court is not obliged to grant further motions to amend--a habit that the Court of Appeals found that Rivera-Santiago was beginning to abuse. See Rivera-Santiago v. United States, 102 Fed.Appx. 177, 2004 WL 1416626, (1st Cir.(Puerto Rico)). Therefore, this new assertion within the plea offer allegation should not be allowed since it is outside the Certificate of Appealability and the First Circuit Court's rulings.

Upon consideration of the Certificate of Appealability, the remand from the First Circuit, the parties' statements of issues and this Court's rulings, the scope of the evidentiary hearing should be limited to: allow petitioner Rivera-Santiago to establish if there was a conflict of interest regarding defense attorneys' fee arrangement and if it existed, then petitioner must establish that due to said conflict his own counsel failed to relay to him a government plea offer.

Case 3:97-cv-01557-RLA   Document 79   Filed 03/14/2005   Page 3 of 3

**UNITED STATES' RESPONSE TO DEFENDANT'S SUBMISSION OUTLINING ISSUES TO BE EXAMINED AT THE EVIDENTIARY HEARING.**
Rivera-Santiago v. United States,
Civil No. 97-1557 (RLA)
Page No. 3

## CONCLUSION

For the foregoing reasons, and the authorities cited herein, the United States respectfully request that the scope of evidentiary hearing be limited accordingly.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 14th day of March, 2005.

> H.S. GARCIA
> United States Attorney
>
> _____
> s/EDWIN O. VÁZQUEZ-BERRIOS
> Assistant United States Attorney
> U.S.D.C. No. 201512
> United States Attorney's Office
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Street
> San Juan, Puerto Rico 00918
> edwin.vazquez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will be electronically notified to counsel Rafael Anglada and is available for viewing and downloading from the Court's CM/ECF system by him.

> s/EDWIN O. VÁZQUEZ-BERRIOS
> Assistant United States Attorney