IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL RIVERA-SANTIAGO
   Petitioner

v.

UNITED STATES OF AMERICA
   Respondent

CIVIL NO. 97-1557 (RLA)

## UNITED STATES' SUBMISSION TRIAL BRIEF

TO THE HONORABLE COURT:

    COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states and prays as follows:

    This Court ordered that trial brief shall be filed on or before April 28, 2005. The United States as the respondent was waiting for petitioner's compliance with the discovery order and the filing of his brief. As of the filing of this pleading petitioner has failed to comply with the discovery and the filing of the brief. In view of the above, the United States respectfully request leave to file its brief. The United States submits this brief in accordance with this Court's Standing Order for Civil Trials.

    **I. Witnesses**

    As of today, the United States does not intend to call any witnesses. Upon the evidence presented by petitioner, the United States may call as a witness Assistant U. S. Attorney Edwin O. Vazquez-Berrios. He will testify that as prosecutor in the criminal case 91-397 (RLA), he did not recall making any plea offer to petitioner. That he examined the criminal file of said case and that there is no written documents showing any plea offer to the petitioner.

    No expert witness will be presented on behalf of the United States.

**Trial Brief**
Miguel Rivera-Santiago v. United States of America,
Civil No. 97-1557 (RLA)
Page No. 2

## II- Legal Issues

The United States does not expect the raising of any legal issues at the hearing that may requires any brief statement. However, the United States considers that the main issue that will permeate the hearing is the following: If there was a conflict of interest regarding defense attorneys' fee arrangement as to petitioner's defense counsels in Criminal No. 91-397(RLA). If it existed, then the Court must find if such conflict adversely affected counsel's performance. The adverse effects must be limited to the allegation that due to the conflict his own counsel failed to relay to him a government plea offer.

### A. Legal Standard in Conflict of Interest Claim

The gist of the conflict claim derives from Rivera's assertion that allegedly his own lawyer and several other defense counsel were paid their fees by counsel for one of the other co-defendants and that this was done on the express condition that the parties present a unified defense and not testify at trial.

Under governing Supreme Court precedent, prejudice is automatic if a defendant has no counsel at all, see <u>Mickens v. Taylor</u>, 535 U.S. 162, 166 (2002); but where the claim is that counsel labored under the burden of dual allegiance, the defendant who raised no objection at trial must demonstrate that counsel might plausibly have pursued an alternative defense strategy that counsel forsook because of his conflicting loyalties, see, e.g., <u>Familia-Consoro v. United States</u>, 160 F.3d 761, 179(1st Cir.1998).

In the instant case petitioner Rivera-Santiago raised no conflict of interest objection at trial nor on direct appeal based on the alleged fee arrangement, which does not in itself bar its presentation in a section 2255 motion. See <u>Massaro v. United States</u>, 538 U.S. 500, 509 (2003);

**Trial Brief**
Miguel Rivera-Santiago v. United States of America,
Civil No. 97-1557 (RLA)
Page No. 3

United States v. Burgos-Chaparro, 309 F.3d 50, 51 (1st Cir.2002), cert. denied, 537 U.S. 1135 (2003).[1] In Cuyler v. Sullivan, 446 U.S. 335 (1980), the Supreme Court established that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler, 446 U.S. at 348 (footnote omitted). This standard was first developed in the context of counsel's joint representation of criminal defendants, but it has been applied generally to other conflict of interest situations, including alleged conflicts between counsel and his or her client. United States v. Rodriguez, 929 F.2d 747, 749 (1st Cir.1991) (citations omitted).

The First Circuit has held that in order to show an actual conflict of interest, a defendant must show that (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties. Guaraldi v. Cunningham, 819 F.2d 15, 17 (1st Cir.1987). Even assuming that petitioner Rivera-Santiago can prove the existence of a conflict of interest, only by establishing that the alleged conflict of interest adversely affected his counsel's performance can him prevail in his attempt to set aside the result of this proceeding. See United States v. Newton, 326 F.3d 253, 263-65 (1st Cir.2003) (stating that in Mickens, "the Supreme Court expressly rejected a rule of automatic reversal in cases where a defense attorney's conflict of interest does not adversely affect counsel's performance").

The standard is that the defendant "might plausibly have pursued an alternative defense

---

[1] Although in the district court there was some inquiry into whether Rivera's counsel should withdraw because he shared office space with a co-defendant's attorney. The district court found that the office arrangement posed no conflict of interest. More important, the Court of Appeals regarded the issue as outside the scope of the certificate of appealability, or, alternatively, as waived for failure to raise in Rivera's opening brief.

**Trial Brief**
Miguel Rivera-Santiago v. United States of America,
Civil No. 97-1557 (RLA)
Page No. 4

strategy, and that the alternative strategy was in conflict with, or may not have been pursued because of, [the attorney's] other loyalties or interests." United States v. Ramirez-Benitez, 292 F.3d 22, 30 (1st Cir.2002); see also Reyes-Vejerano v. United States, 276 F.3d 94, 97 (1st Cir.2002) (applying same test); Brien, 695 F.2d at 15 (adopting same test).

In this case, however, there is nothing more than speculation of possible conflict, which would not pass muster after Mickens or before it. See United States v. Burgos-Chaparro, 309 F.3d 50, 52-53 (1st Cir.2002) (finding "speculation" an inadequate threshold showing by defendant claiming conflicts after Mickens ); United States v. Michaud, 925 F.2d 37, 41 (1st Cir.1991) (rejecting, in pre-Mickens case, conflict of interest claim that was "insufficiently specific" in describing nature of conflict). In order to find an effect from an alleged attorney conflict, "some adverse action or inaction is required that can be traced to the conflict in loyalty. Merely to speculate that the divided loyalty could have caused such a step is not enough." Burgos-Chaparro, 309 F.3d at 53. United States v. Nelson-Rodriguez, 319 F.3d 12, 41 (1st Cir. 2003)

In the instant case petitioner Rivera-Santiago has not established that he was not part of the defense attorneys' fee arrangement.  In fact, the nature of the agreement entered by defendants as described by petitioner Rivera-Santiago was in the nature of a joint defense agreement. When co-defendants enter into a joint defense agreement, each defendant retains his own attorney. Thus, a duty of loyalty, however, does not exist in this situation and it is therefore improper to conclude that all of the attorneys in the joint defense strategy session represent all of the participating defendants. United States v. Almeida, 341 F.3d 1318, 1323 (11th Cir. 2003).  Therefore, there is no divided loyalty nor conflict of interest under this scenario.  He should not be allowed however to complaint of the consequences, if any, which resulted from a agreement that he voluntarily entered.

No unconstitutional conflict of interest existed in this case. Petitioner Rivera-Santiago's claim would still fail because there is insufficient evidence that counsel Monserrate's advices were tainted by his relationship with Rivera-Santiago's co-defendants. A defendant must show that his counsel "actively represented conflicting interests." Cuyler, 446 U.S. at 350. See also Carey v. United States, 50 F.3d 1097, 1100 (1st Cir.1995) ("the defendant must demonstrate that the alleged conflict is more than 'some att, enuated hypothesis having little consequence to the adequacy of representation' ") (citing Brien v. United States, 695 F.2d 10, 15 (1st Cir.1982)); United States v. Soldevila-Lopez, 17 F.3d 486, 487 (1st Cir. 1994) ("theoretical or merely speculative conflict of interest" does not constitute Sixth Amendment violation). In Carey, for instance, counsel simultaneously represented co-defendants and advised one not to divulge any information regarding the other when cooperating with the government. Carey, 50 F.3d at 1099-1100. The cooperating defendant alleged that this advice precluded him from obtaining a sentence reduction. Id. at 1101. The court held that the link between counsel's advice and counsel's interest in protecting his other client was too speculative to establish an actual conflict of interest. Id. at 1100.

Here, petitioner Rivera-Santiago argues that an actual conflict of interest can be inferred just from counsels' fee arrangement. The facts alleged by Rivera-Santiago, however, are even less suspect than those alleged in Carey. Rivera-Santiago had his own attorney, whereas the defendant in Carey shared counsel with a co-defendant. See United States v. DiCarlo, 575 F.2d 952, 957 (1st Cir. 1978)(individual representation less risky than multiple representation). Moreover, Rivera-Santiago offers no additional facts to show that Monserrate had conflicting interests.

Further, this Court observed firsthand the dynamics of the trial in the instant case, and can

explicitly find that no conflict existed, since Mr. Monserrate did not permit to be directed by any other person in his professional judgment with respect to the strategic dimensions of this case. Therefore, this Court should find that Rivera-Santiago has failed to show that his representation was tainted by an actual conflict of interest.

For all of these reasons, this Court should conclude that Rivera-Santiago has not met his burden of demonstrating that his attorney, Monserrate, labored under an unconstitutional conflict of interest.

Further, petitioner Rivera-Santiago has limited his claim of conflict of interest due to defense attorney's fee arrangement as to counsel Joaquín Monserrate and has disregarded the fact that he was also represented by counsel Luis Rivera. No allegation of conflict of interest has been raised that would have adversely affected counsel Rivera's performance. Therefore, since petitioner Rivera-Santiago was represented by at least one free conflict of interest counsel, no further consideration of this issue is required.

As stated before, even if a conflict of interest is established, only by establishing that the alleged conflict of interest adversely affected his counsel's performance can petitioner Rivera-Santiago prevail in his attempt to set aside the result of this proceeding. However, this inquiry is limited to the failure to disclose an alleged plea offer and preventing him to testify even when he allegedly wished to do so.

### 1. Plea Offer Issue

Petitioner Rivera-Santiago claimed that the government offered him a plea agreement for ten years prior to trial in Criminal No. 91-397 (RLA) and that counsel Monserrate failed to inform him such plea offer. It has been the policy of this office that plea agreements must be in writing and it

only binds the office if signed by the Chief of the Criminal Division. A review of the criminal case file shows that no plea agreement was offered to petitioner Rivera-Santiago on Criminal No. 91-397(RLA), and the undersigned cannot recall ever making an offer to petitioner Rivera-Santiago, less on offering ten years to one of the most culpable defendants who was exposed to a LIFE sentence. The denial by the government of the existence of any plea offer should end this inquiry.[2]

Moreover, petitioner Rivera-Santiago's new allegation that if the plea offer would have been disclosed he would have accepted said plea offer is belied by his own words and statements. During the presentence investigation interview with the United States Probation Officer he expressed his innocence. He continuously expressed being innocent and stated that he had nothing to do with the conspiracy or any other crime. That he was found guilty due to the judge's negligence and failure to adequately instruct the jury. Thereafter, he submitted his version of the facts, wherein he reiterates his innocence and does not accept responsibility for his involvement in the offenses. Also, this Court is aware that Rivera-Santiago even attempted to have codefendant Victor Chalas provide false testimony on his behalf at the sentencing hearing. For this conduct Rivera-Santiago received an enhancement for obstruction of justice.

However, now and almost five(5) years after trial, Rivera-Santiago very conveniently and in an attempt to support an otherwise meritless claim, is changing his original position on this matter. The fact that he waited almost five years before complaining about his unfulfilled wishes "draws into serious question" the validity of his claims. Ouellette v. United States, 862 F. 2d 371, 375 (1st Cir. 1988). Based on this record this Court should find that Rivera-Santiago simply had no intention of

---

[2] In one of the document disclosed by petitioner, counsel Rivera, one of petitioner's defense counsel in Criminal No. 91-397 (RLA), stated that petitioner rejected the government's plea offer. This statement totally contradicts petitioner's allegation in this matter.

pleading guilty and/or accepting responsibility for the multi-kilograms quantities of cocaine involved in the drug conspiracy. Thus, based on Rivera-Santiago's protestation of innocent before, during and after trial, this court should find that even plea negotiations may not have been a plausible strategy in the instant case.

## CONCLUSION

For the foregoing reasons, and the authorities cited herein, the United States respectfully request that the 2255 petition filed by Rivera-Santiago be denied.

     RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 29th day of April, 2005.

     H.S. GARCIA
     United States Attorney

     _____
     s/EDWIN O. VÁZQUEZ-BERRIOS
     Assistant United States Attorney
     U.S.D.C. No. 201512
     United States Attorney's Office
     Torre Chardón, Suite 1201
     350 Carlos Chardón Street
     San Juan, Puerto Rico 00918
     edwin.vazquez@usdoj.gov

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on April 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will be electronically notified to counsel Rafael Anglada and is available for viewing and downloading from the Court's CM/ECF system by him.

     s/EDWIN O. VÁZQUEZ-BERRIOS
     Assistant United States Attorney