## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MIGUEL A. RIVERA-SANTIAGO**<br>Petitioner-Appellant<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br>Respondent | Cv. 97-1557(RLA) |

### PETITIONER'S TRIAL BRIEF AND EXHIBITS
### FOR EVIDENTIARY HEARING ON MAY 5-6, 2005

**TO THE HONORABLE COURT**
**HONORABLE RAYMOND L. ACOSTA,**
**SENIOR U.S. DISTRICT JUDGE:**

Comes now the Petitioner-Appellant, Miguel A. Rivera-Santiago, by the undersigned counsel, and very respectfully states, informs, and prays as follows:

1. An Evidentiary hearing is set for May 5-6, 2005 in the instant 28 U.S.C. 2255, per U.S. Court of Appeals, First Circuit, No. 02-2458, 2004 WL 1416626, 102 Fed. Appx. 177 (1st Cir. 2004).

2. The U.S. Court of Appeals remanded to this Honorable Court to examine whether the District Court erred in failing to address the following constitutional claims:

   a. <u>that a conflict of interest arose from the defense attorney's fee arrangement</u>. The U.S. Court of Appeals stated that ". . . it appears to us possible that there may have been a conflict of interest and also that it is possible (although far from certain) that Rivera can show that it affected counsel's performance" (at

1

p. 3). The gist of the conflict claim derives from Rivera's assertion that his own lawyer and several other defense counsel were paid their fees by counsel of one of the other co-defendants and that this was done on the express condition that the parties present a unified defense and not testify at trial (at p. 4). The U.S. Court of Appeals further noted that another co-defendant made similar allegations and in allowing a R. 29, F.R.Cr.P., motion for judgment of acquittal, the district court indicated that it would have granted a motion for new trial based on such conflict if the Court had not ordered an acquittal.

The U.S. Court of Appeals added that it did not know whether the allegation is true, nor the U.S. Court of Appeals was prepared to say whether there was or was not a conflict of interest in whatever arrangement existed, but the claim cannot be casually disregarded, see at p. 4).

Petitioner-Appellant Miguel A. Rivera-Santiago raised no conflict of interest objection at trial nor on direct appeal on the alleged fee arrangement, which does not bar its presentation in a 2255 motion. See Massaro v. U.S. 538 U.S. 500, 509 (2003); U.S. v. Burgos-Chaparro 309 F. 3d 50, 51 (1st Cir. 2002).

The Honorable dc will recall that a Rule 29(c), F.R.Cr.P., was granted as to co-defendant Heriberto Artunduaga. See Order Granting Motion for Judgment of Acquittal as to co-defendant Heriberto Artunduaga, entered 01/22/1993 (Dkt. #184). ". . . Defendant's Motion for Judgment of Acquittal (Dkt. #151) is hereby granted. Were this judgment of acquittal to be hereafter

vacated or reversed, we hereby find pursuant to the requirements of Rule 29, F.R.Cr.P., that any future motions by defendant for new trial should be granted, based on our concern regarding defendant's allegation that he did not received adequate legal representation in this action," (Cr. 91-397, <u>Order</u>, 01/22/1993, Dkt. #184, pp. 6-7).

The U.S. Court of Appeals further noted whether such a conflict, if it existed, adversely affected counsel's performance. Where the claim is that counsel labored under the burden of dual allegiance, the defendant who raised no objection at trial must demonstrate that counsel forsook because of his conflicting loyalties, <u>see</u>, e.g., <u>Familia-Consoro v. U.S</u>. 160 F. 3d 761, 764 (1st Cir. 1998).

b.  <u>that due to his conflict of interest, appellant's counsel failed to relay the government's plea offer to him</u>.

Petitioner-Appellant Miguel A. Rivera-Santiago attested that his own counsel failed to relay the government's plea offer to him, (p. 4). The U.S. Court of Appeals noted that the record on this point is unclear, (but) there is a suggestion that an investigation for another co-defendant interviewed Appellant Miguel A. Rivera-Santiago's defense counsel who confirmed that such offer had been made by the government for a plea with a ten-year sentence (Miguel A. Rivera-Santiago Affidavit, (Dkt. #20), parr.16. Petitioner-Appellant Miguel A. Rivera-Santiago denied that any such offer was relayed to him, although there may be conflicting evidence on this issue.

3

| WITNESSES | Issue One: Conflict of interest arising from defense counsel's fee arrangement | Issue Two: Due to conflict of interest, Appellant's counsel failed to relay government's plea offer to Appellant |
|---|---|---|
| a) Francisco J. Serrano-Walker, Esq. | X | X |
| b) Luis Enrique Ovalle-Márquez | X | X |
| c) José A. Quiles-Espinosa, Esq., |  | X (See Dkt. #130, 08/24/92) |
| d) Joaquin Monserrate-Matienzo, Esq. | X | X |
| e) José A. Aguayo, Esq., | X |  |
| f) Luis R. Rivera, Esq., |  | X |
| g) Renato Barrios, Esq., | X | X |
| h) Eric J. Pijuán-Torres, Esq., | X | X |
| i) Ludwig Ortiz-Belaval, Esq., | X | X |
| j) Elvin Ayala Lugo, Private Investigator |  | X |
| k) Nelson Vega-Bonilla, Private Investigator |  | X |
| l) Miguel A. Rivera-Santiago #07664-069 | X | X |

**EXHIBIT LIST**

1.　Status Conference, U.S.D.C. Minutes, Cr. 91-397(RLA)(Dkt. #130), 08/24/1992.

> "Due to on going plea negotiations, Jury Trial is re-scheduled for Tuesday, August 25, 1992, at 1:00 p.m. Counsel are granted until tomorrow at 10:00 a.m. to notify the Court if their clients are going to trial."

2.　Affidavit by Defendant Luis Enrique Ovalle-Márquez, 04/11/97, USP Atlanta; filed 04/16/97

3.　Report by Independent Investigator Elvin Ayala Lugo, Affidavit attested 05/06/98

4.　Trial Transcript, Cr. 91-397(RLA), 08/25/92 (pp. 1-27)

THEREFORE, Petitioner-Appellant Miguel A. Rivera-Santiago respectfully prays this Honorable Court, Honorable Raymond L. Acosta, to accept the instant Trial Brief and Exhibit List, and any other remedy pursuant to law.

I hereby certify that today I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorney Edwin Vázquez-Berríos, United States Attorney's Office, Torre Chardón, 350 Carlos Chardón St., Suite 1201, Hato Rey, PR 00918.

Respectfully submitted, in San Juan, Puerto Rico, today, April 29, 2005.

                        FOR COURT-APPOINTED PETITIONER-APPELLANT
                        MIGUEL A. RIVERA-SANTIAGO

                        S/ RAFAEL ANGLADA-LOPEZ
                        RAFAEL ANGLADA-LÓPEZ, ESQ.
                        U.S.D.C. - P.R. 202508
                        PO BOX 194886
                        SAN JUAN, PUERTO RICO 00936
                        TEL. (787) 250-0917
                        FAX (787) 765-8679