IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL RIVERA-SANTIAGO
  Petitioner

v.

UNITED STATES OF AMERICA
  Respondent

CIVIL NO. 97-1557 (RLA)

### UNITED STATES' REQUEST FOR SUMMARY DISMISSAL OF PETITIONER'S SECOND OR SUCCESSIVE MOTION TO VACATE SENTENCE.

TO THE HONORABLE COURT:

    COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states and prays as follows:

    On May 4, 2005, petitioner filed his second or successive motion to vacate sentence in the instant case. A review of the motion and the record show that this filing is in violation to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Inasmuch, this Court lacks jurisdiction to entertain this motion, the motion must be summarily dismissed.

    A perusal review of the AEDPA demonstrates that the gatekeeping provisions state that a "second or successive motion must be certified by a panel of the appropriate court of appeals to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2255 ¶ 8(2). Therefore, a federal prisoner, before prosecuting a second or successive habeas petition in the district court, is required

**United States's Request for Summary Dismissal of Petitioner's**
**Second or Successive Motion to vacate Sentence**
Rivera-Santiago v. United States,
Criminal No. 97-1557
Page No. 2

to obtain an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A), as incorporated in 28 U.S.C. § 2255); Raineri v. United States, 233 F.3d 96, 99 (1st Cir.2000). Inasmuch as the petitioner did not seek, let alone obtain, the required authorization from the Court of Appeals for the First Circuit, this court lacks jurisdiction over his motion. Consequently, his motion must be summarily dismissed. See Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003)

Moreover, in the instant case even if petitioner files in the Court of Appeals a request for such an authorization, it would be denied. His pleading fails to make the requisite showing either of newly discovered evidence or of a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. See 28 U.S.C. § 2255 ¶ 8; cf. Tyler v. Cain, 533 U.S. 656, 662, (2001) (holding that the identically worded requirement contained in 28 U.S.C. § 2244(b)(2)(A) is "satisfied only if [the Supreme] Court has held that the new rule is retroactively applicable to cases on collateral review"). Because the Supreme Court has not "made" Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, --- U.S. ----, 124 S. Ct. 2531 (2004) nor United States v. Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), retroactive to cases on collateral review, defendants should not be able to raise any Apprendi, Blakely, or Booker claims in second or successive Section 2255 motions. See United States v. Fraser, 2005 WL 1090138, 2 (1st Cir.(Me.))(holding that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims

**United States's Request for Summary Dismissal of Petitioner's**
**Second or Successive Motion to vacate Sentence**
Rivera-Santiago v. United States,
Criminal No. 97-1557
Page No. 3

in the absence of a Supreme Court decision rendering Booker retroactive)(citing, Cirilo-Munoz v. United States, 404 F.3d 527, 533(1st Cir. 2005). Moreover every other circuit that has considered this issue has agreed that Booker does not apply retroactively. See Varela v. United States, 400 F.3d 864, 866-68 (11th Cir.2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir.2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir.2005);United States v. Mitchell, 122 Fed. Appx.539,540 (2d Cir.2005) (unpublished); United States v. Leonard, 120 Fed.Appx. 759, 761 (10th Cir.2005) (unpublished).

Therefore, the petitioner's claims are barred by the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Thus, it shall be summarily dismissed for lack of jurisdiction.

Also, a collateral proceedings is barred as to issues or claims raise but were already presented and resolved on direct appeal. A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal." ' McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir.1996) (quoting Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992)). Therefore, issues resolved on direct appeal may not be raised again in a habeas petition. United States v. Santiago, 993 F.2d 504, 506 (5th Cir.1993); United States v. Kalish, 780 F.2d 506, 508 (5th Cir.), cert. denied, 476 U.S. 1118 (1986).

In this unauthorized second or successive motion, petitioner once again is trying to litigate matters or issues already resolved in his prior 2255 petition. His allegation as to the application of

**United States's Request for Summary Dismissal of Petitioner's
Second or Successive Motion to vacate Sentence**
Rivera-Santiago v. United States,
Criminal No. 97-1557
Page No. 4

Amendment 505 of the Sentencing Guidelines was denied by this Court. See Rivera-Santiago v. United States, 219 F. Supp. 2d 186, 191-192 (D.P.R. 2002). He did not appeal this finding, therefore this Court's decision is final and not subject to collateral attack. Also, petitioner's second request for the retroactive application of Apprendi v. New Jersey, 530 U.S. 466 (2000), to cases on collateral review was decided by the Court of Appeals against him. See Rivera-Santiago v. United States,102 Fed.Appx. 177, 177, 2004 WL 1416626, 1 (1st Cir.(Puerto Rico)(holding that the Apprendi issue that Rivera seeks to raise is barred by Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir.2003). No rights to re-litigate issues already decided and they shall be considered final and not subject to be collaterally attacked. Thus, they should be summarily dismissed.

Finally, Title 28, United States Code, Section 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.' "Hill v. United States, 368 U.S. 424, 426-427(1962) (quoting the statute). Therefore, petitioner alleged post-offense, post-sentencing rehabilitation is a matter that could not be considered in a motion to vacate sentence pursuant to 28 U.S.C. 2255 and should be summarily denied.

**United States's Request for Summary Dismissal of Petitioner's**
**Second or Successive Motion to vacate Sentence**
Rivera-Santiago v. United States,
Criminal No. 97-1557
Page No. 5

## CONCLUSION

For the foregoing reasons, and the authorities cited herein, the United States respectfully request that petitioner's second or successive 2255 petition be summarily dismissed.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of May, 2005.

        H.S. GARCIA
        United States Attorney

        _____
        s/EDWIN O. VÁZQUEZ-BERRIOS
        Assistant United States Attorney
        U.S.D.C. No. 201512
        United States Attorney's Office
        Torre Chardón, Suite 1201
        350 Carlos Chardón Street
        San Juan, Puerto Rico 00918
        edwin.vazquez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will be electronically notified to counsel Rafael Anglada and is available for viewing and downloading from the Court's CM/ECF system by him.

        s/EDWIN O. VÁZQUEZ-BERRIOS
        Assistant United States Attorney

**United States's Request for Summary Dismissal of Petitioner's**
**Second or Successive Motion to vacate Sentence**
<u>Rivera-Santiago v. United States</u>,
Criminal No. 97-1557
Page No. 6