IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL RIVERA-SANTIAGO<br><br>    Plaintiff,<br><br>VS.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant. | CIVIL NO. 97-1557(RLA)<br><br><br>San Juan, Puerto Rico<br>May 11, 2005 |

**COURT'S FINDINGS**
HELD BEFORE HONORABLE JUDGE RAYMOND L. ACOSTA
FEDERAL COURT BUILDING
OLD SAN JUAN, PUERTO RICO

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Rafael Anglada-Lopez, Esq. |
| For the Defendants: | Edwin O. Vazquez, Esq. |
| Court Interpreter: | Thomas Kavelin |
| Court Recorder: | Sulma Lopez Defillo |

1           P R O C E E D I N G S
2       (The transcript begins with the Court's
3  Findings)
4                                           (6:28 P.M.)
5       THE COURT:        Okay.
6           As the parties are aware the Circuit
7  Court of Appeals had stated in its opinion that "on
8  the present record it appears to us possible that
9  there may have been a conflict of interest and also
10 that it is possible, although far from certain, that
11 Rivera, the Defendant here, can show that it
12 effected counsel's performance."
13          The Circuit Court went on to say
14 that "the gist of the conflict claim derives from
15 Rivera Santiago's assertion that his own lawyer and
16 several other Defense counsel were paid their fees
17 by counsel for one of the other co-Defendants and
18 this was done in the express condition that the
19 parties present a unified defense and not testify at
20 trial."
21          After hearing, taking into account, the
22 testimony and evidence presented at this hearing the
23 Court finds, as a matter, that the Petitioner Miguel
24 Rivera Santiago's assertion that his own attorney,
25 Joaquin Monserrate-Matienzo, and several other

1  Defense counsel were paid their fees by or through
2  Attorney Serrano-Walker, who was co-Defendant Luis
3  Ovalle-Marquez's counsel.  So, the Court finds that
4  as a fact.
5           However, the Court rejects Petitioner
6  Rivera's claim that this was done on the express
7  condition that the parties present a unified defense
8  and not testify at trial.
9           Both Attorney Monserrate, as well as
10 Jose Aguayo, attorney for co-Defendant Sergio
11 Monteagudo, testified that there were no such
12 conditions placed on their representation.
13          Both attorneys asserted that there
14 could not have been such a pact inasmuch as under no
15 circumstances would they have accepted such
16 limitations on the legal representation of their
17 clients.
18          Attorney Serrano-Walker also testified
19 that even had he wanted to he could not have imposed
20 such conditions on the rest of the attorneys, as
21 each attorney had to represent his own client to the
22 best of his ability.
23          With respect to the adverse effects of
24 the alleged conflict, the Court finds moot Rivera's
25 claim that he was impeded from testifying on his own

behalf despite his insistence on doing so.

This claim is waived by Petitioner in his statement of issues which Petitioner himself signed.   I refer to Docket #78.

The Court rejects Rivera's claim that his own counsel failed to relay to him a Government plea offer because the Court finds there were no adverse effects.

Not only was the plea offer made known to Rivera it was Petitioner himself who turned down the plea offer after being advised by counsel on the eve of trial.

Attorney Monserrate testified that Petitioner turned down the plea offer outright, sternly stating that he would do no such thing and that he, the Petitioner, intended to go to trial.

This can be evidenced by Petitioner's own testimony that he could not go against the orders of this "cartel" in Medellin and testify against the rest of the Defendants because he feared reprisals against him and his family.

Obviously, no matter how advantageous a deal that could have been obtained for him by counsel through plea negotiations, it would have been turned down by Petitioner for fear of

1  reprisals.
2          Accordingly, we do not find credible
3  Petitioner's assertion that he never received such a
4  plea offer from his attorney nor in the alternative
5  that he would accepted such an offer had it been
6  brought to his attention before trial.
7          We thus find that an actual conflict of
8  interest did not exist, as Attorney Monserrate did
9  not labor under a loyalty to a third party nor to
10 anyone else as a result of having his fees paid by
11 someone other than Petitioner.
12         The attorney's performance was not
13 deficient inasmuch as he relayed the Government's 14
14 to 15 year plea offer to the Petitioner and after
15 Petitioner's rejection of the plea proceeded to ably
16 and efficiently represent Rivera at trial,
17 practically singlehandedly taking on the full weight
18 of the trial as personally witnessed by this Court
19 as Trial Judge.
20         In summary, since no such conflict
21 existed no adverse effects could have arisen
22 therefrom that could have affected counsel's
23 performance.
24         Therefore, having heard the testimony
25 of the witnesses and having considered all of the

1  evidence presented in this Evidentiary Hearing the
2  Court finds that Petitioner's two claims of alleged
3  violations of his Constitutional Right to effective
4  assistance of counsel are unsupportable by the
5  record.
6       Accordingly, Petitioner Miguel Rivera
7  Santiago's motion to vacate his sentence pursuant to
8  28 United States Code Section 2255 alleging a
9  violation of his Constitutional Sixth Amendment
10 Right to effective assistance of counsel is hereby
11 denied.
12      That is my ruling.
13                                    (6:34 P.M.)
14      (Whereupon, the hearing in the above-
15 entitled matter was terminated)
16
17

1
2                         I N D E X
3    WITNESSES            DIRECT   CROSS   REDIRECT   RECROSS
4    FOR THE PLAINTIFF:
5
6
7
8    EXHIBITS             FOR IDENTIFICATION IN EVIDENCE

JAMES ROHAN REPORTERS
Tel. 725-2273  Email rohanmav@aol.com
P.O. Box 16062, Santurce, P.R. 00908

## CERTIFICATE OF COURT REPORTER

I, **JAMES ROHAN**, Certified Professional Stenographer,
DO HEREBY CERTIFY:

That the foregoing is a full, true and correct transcript of the aforesaid testimony which was taken down by electronic recording and thereafter reduced to typewriting under my direction.

I FURTHER CERTIFY that I am not attorney for nor counsel to either of any of the parties in interest nor in any way interested in the outcome of the cause named in said action.

WITNESS MY HAND this _30th_ day of _May_, 2005 in San Juan, Puerto Rico.

_____
COURT REPORTER

JAMES ROHAN REPORTERS
Tel. 725-2273  Email rohanmav@aol.com
P.O. Box 16062, Santurce, P.R. 00908